UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ENEA, et al.,<br><br>        Plaintiffs,<br>   v.<br>GALEN JONES, et al.,<br><br>        Defendants. | Case No. 14-cv-01526-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART FINANCIAL INDEPENDENCE GROUP'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

       This case is a state court fraud action against six defendants that was removed to this Court. Currently before the Court is defendant Financial Independence Group, Inc.'s motion to dismiss. Dkt. No. 23. The Court grants it in part and denies in part.

## BACKGROUND

       Plaintiffs are Charles Enea and John Enea, who are brothers and insurance agents, and their insurance services company, Enea Insurance Services Inc. Plaintiffs attended training seminars sponsored by defendants Galen Jones and Financial Independence Group ("FIG"), an organization that markets insurance products, to learn about "an exclusive marketing program" to offer annuities to veterans and their widows. Dkt. No. 1-1 ¶¶ 28, 29, 34, 38. Plaintiffs claim that the program turned out to be illegal, and that they were not informed that the law in fact required them to be "accredited by VA as an agent, attorney, or representative of a VA-recognized veterans service organization to assist in the preparation, presentation, and prosecution of a claim for VA benefits." *Id*. ¶¶ 17-18. Plaintiffs claim they were "subjected to multiple lawsuits and a U.S. Senate hearing" as a result of defendants' conduct. *Id*. ¶ 40.

**JURISDICTION**

This case was removed to federal court by defendant American Equity Investment Life Insurance Company. The primary ground invoked for removal was the Court's diversity jurisdiction pursuant to 28 U.S.C. Sections 1332(a) and 1441(b). Dkt. No. 1 at 3.

This Court is a court of limited jurisdiction, and it has an independent duty to examine whether removal jurisdiction exists before proceeding to the merits of a case, even if no party has objected to the removal. *See*, *e.g.*, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). Accordingly, at the hearing on FIG's motion to dismiss (and on other defendants' motions to compel arbitration that have subsequently been withdrawn), the Court inquired into whether the amount in controversy requirement for diversity jurisdiction had properly been met.

American Equity has filed a supplemental brief on that issue as directed. Dkt. No. 37. Having reviewed that brief as well as the declarations filed with it (including those signed by plaintiffs Charles and John Enea themselves), the Court finds that the $75,000 amount in controversy requirement has properly been satisfied and that it therefore has subject matter jurisdiction over this case.

**FIG'S MOTION TO DISMISS**

**I.   STATUTE OF LIMITATIONS**

Turning to FIG's motion to dismiss, FIG first argues that "all of the claims in the complaint are barred by the statute of limitations because plaintiffs waited for three years after being sued to file this lawsuit and they could have, with reasonable diligence, discovered the basis for their claims against FIG prior to February 2011." Dkt. No. 23 at 1. FIG states that plaintiffs were sued by their former clients "for alleged misconduct involving the sale of the annuities at issue in this case" on February 5, 2011, but did not file this complaint until February 5, 2014. *Id*. at 2.

Plaintiffs' complaint asserts five causes of action against all defendants including FIG: fraud, breach of fiduciary duty, civil conspiracy, intentional infliction of emotional distress and negligent infliction of emotional distress.

1   For the intentional and negligent infliction of emotional distress claims, which are subject
2   to a two-year statute of limitations, plaintiffs argue that their claims are not time-barred because
3   they "arise out of the letter they received from the U.S. Senate on March 3, 2012." Dkt. No. 32 at
4   17. Plaintiffs allege that the letter initiated a U.S. Senate investigation into the plaintiffs' conduct,
5   "inquiring about the business and its methods" and "expressing the seriousness in which the U.S.
6   Senate takes the rights of veterans." Dkt. No. 1-1 ¶¶ 24, 69. As they also argued at the hearing,
7   plaintiffs' position is that it was that letter in particular that was "the triggering act when they
8   suffered perceptible trauma" that forms the basis of these two claims. Dkt. No. 32 at 17. FIG
9   argues that these are just "additional damages" and that plaintiffs "cannot manipulate the statute of
10  limitations by picking and choosing when they allegedly sustained emotional distress." Dkt.
11  No. 33 at 3. But the Court agrees with plaintiffs that receiving a letter of inquiry from the U.S.
12  Senate can plausibly be characterized as a harm that is categorically different from being served
13  with a civil lawsuit initiated by one's former clients, which is a far more common occurrence.
14  Because plaintiffs initiated their lawsuit within two years of receiving the letter from the U.S.
15  Senate in March 2012, FIG's statute of limitations argument is denied as to plaintiffs' infliction of
16  emotional distress causes of action.

17  With respect to plaintiffs' fraud and conspiracy causes of action, the parties agree that the
18  applicable statute of limitations is three years. FIG asserts that plaintiffs' three-year clock started
19  to run "at some point between May 2006 [when Charles Enea participated in a FIG seminar] and
20  February 2011," when plaintiffs were served with the lawsuit filed by their former clients. Dkt.
21  No. 23 at 4. This is because Charles Enea was "in a position to conduct research" into the relevant
22  legal requirements (the non-disclosure of which is the basis of this lawsuit) after attending the
23  seminar. But that would be requiring far too much of plaintiffs. The Court finds it plausible that
24  plaintiffs did not discover facts pertaining to the alleged fraud until they were served with their
25  former clients' lawsuit on February 5, 2011, as alleged in their complaint, and is not persuaded
26  that plaintiffs should be held to a higher standard. Accordingly, FIG's argument is rejected for
27  these causes of action as well.

1   The Court does not reach FIG's statute of limitations objection to the breach of fiduciary
2   duty claim because that claim is dismissed on other grounds.

## II.  FRAUD

Although FIG is obviously correct that a heightened pleading standard applies to plaintiffs' fraud claims under FRCP 9(b), the Court finds that here, plaintiffs have pled enough regarding the who, what, when, where and how of the alleged fraud. The complaint provides sufficient details about which plaintiff spoke to which defendant when and how, and also quotes specific misrepresentations that were allegedly made to plaintiffs. The complaint therefore meets the bar set by FRCP 9(b). *See Houghton v. Audio Leasing Corp.*, 841 F.2d 1129 (9th Cir. 1988) (particularity requirement of Rule 9(b) satisfied when pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations," and plaintiff need not set forth such facts which are in the exclusive possession of defendants).

## III.  BREACH OF FIDUCIARY DUTY

Defendant argues that plaintiffs' breach of fiduciary duty claim should be dismissed under FRCP 12(b)(6) because, "as to FIG, plaintiffs have not adequately pled the existence of a fiduciary relationship." Dkt. No. 23 at 8.

The existence of a fiduciary duty is generally a question of fact that cannot be resolved at the motion to dismiss stage. *See*, *e.g.*, *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1178 (9th Cir. 1996) (citing *Kudokas v. Balkus,* 26 Cal. App. 3d 744, 750 (1972)). Here, however, the Court finds that "plaintiffs have not pled facts that would give rise to a fiduciary relationship, and the Court need not accept their conclusory allegation that such a relationship existed." *Cruz v. United States*, 219 F. Supp. 2d 1027, 1039 (N.D. Cal. 2002).

The only basis upon which FIG is alleged to have formed a fiduciary relationship with plaintiffs is by virtue of "agreements with the plaintiffs . . . asserting control, through various clauses and sections, over the plaintiffs . . . ." Dkt. No. 1-1 ¶ 48. *See also id*. ¶ 49 ("As a result of the agency relationship created through contract, fiduciary and due care duty was obligated to be exercised on behalf of the plaintiffs and their company.").

In support of their opposition to FIG's motion to dismiss, plaintiffs requested that the Court take judicial notice of two documents which plaintiffs say are "the Financial Independence Group Inc., agreements with the plaintiffs." Dkt. No. 32-1 ¶ 1. The Court grants that request and takes judicial notice of Charles Enea's June 15, 2006 Nondisclosure Agreement with FIG, as well as another "Agreement" with FIG that he signed on the same day. *See* Dkt. No. 32-2.

After reviewing those documents, however, the Court finds nothing that would support plaintiffs' allegation that these agreements gave FIG control over plaintiffs or otherwise gave rise to a fiduciary relationship. In fact, the second agreement specifically refers to Charles Enea as "contractor." "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here, that support is lacking and the claim must be dismissed because it is not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court cannot say at this juncture that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the Court grants plaintiffs leave to amend this claim.

## IV.    CIVIL CONSPIRACY

As many decisions hold, civil conspiracy is not an independent cause of action under California law. *See*, *e.g.*, *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 708 (N.D. Cal. 2009) ("A conspiracy is not an independent cause of action, but 'a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.'") (quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-11 (1994)). The Court therefore grants FIG's motion to dismiss this cause of action without leave to amend.

## CONCLUSION

FIG's motion to dismiss is granted with leave to amend for plaintiffs' breach of fiduciary duty cause of action and without leave to amend for plaintiffs' civil conspiracy cause of action. FIG's motion is otherwise denied.

Plaintiffs may file an amended complaint within 21 days of the date of this order that omits the civil conspiracy cause of action and seeks to cure the deficiencies identified in this order for their breach of fiduciary duty cause of action as to FIG.  The amended complaint may not, however, add any new claims or parties without leave of court or the agreement of the parties.

**IT IS SO ORDERED.**

Dated:  August 12, 2014

_____
JAMES DONATO
United States District Judge